[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16243
Non-Argument Calendar
_____

D. C. Docket No. 90-00377-CR-RLV-4-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE TRAVIS WILLIAMS,
a.k.a. Frank Willis, Jr.,
a.k.a. Travis Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 2, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

George Travis Williams, through counsel, appeals the district court's denial of his pro se motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Williams argues that the district court abused its discretion in both denying his § 3582(c)(2) motion and refusing to hold a hearing on the motion. We disagree and AFFIRM.

## I. BACKGROUND

In July 1991, a jury convicted Williams of conspiracy to distribute fifty grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count 2"); and traveling in interstate commerce with the intent to distribute crack cocaine, in violation of 18 U.S.C. §§ 2 and 1952(a)(3) ("Count 3"). See R1-1 at 1-3; R1-133. The Presentence Investigation Report ("PSI") assigned Williams a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(c)(2). See U.S.S.G. § 2D1.1(c)(2) (Nov. 1988). The parole officer compiling the PSI recommended a four-level increase for Williams's role as an organizer or leader in criminal activity that involved at least five participants. Williams's criminal history category was set at V, based on 10 criminal history points for prior convictions of attempted murder, unlawful possession of a firearm, and aggravated assault, inter alia. With a total offense

2

level of 40 and a criminal history category of V, Williams's recommended guideline range was 360 months of imprisonment to life imprisonment.

At sentencing, the district court did not apply the four-level aggravating role increase to the offense level, but instead applied a two-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(c). See R10 at 3, 7-8. This brought Williams's offense level to 38. Williams's guideline range remained 360 months of imprisonment to life imprisonment. See id. at 12. As to Counts 1 and 2, the district court sentenced Williams to 360 months of imprisonment for each count, and as to Count 3, the court sentenced Williams to sixty months of imprisonment, all terms set to run concurrently. See id. We affirmed Williams's sentence in 1993. See R1-183.

In February 2008, Williams filed the present pro se § 3582(c)(2) motion for a sentence reduction, in which he sought a two-level reduction to his offense level based on Amendment 706. See R2-239 at 3. He claimed that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), entitled him to a full sentencing rehearing. See id. at 6-7. Williams also contended that the district court should depart below his amended guideline range based on his post-conviction rehabilitation. See id. at 10-11.

The district court, without conducting a hearing, denied the § 3582(c)(2)

3

motion.  See R2-244.  The court concluded that under Amendment 706, Williams's base offense level was reduced to 34 and his guideline range became 292 to 365 months of imprisonment.  See id. at 4.  Nevertheless, the court denied the motion based on the 18 U.S.C. § 3553(a) factors.  See id.  Specifically, the court found that a sentence reduction was not warranted because the offenses "were very serious in nature and were indicative of Williams's violent nature."  Id.  Moreover, the district court determined the 360-month sentence to be "in line with similar sentences imposed by [it] and by other courts for similar crimes."  Id.  The court concluded that, even if the Guidelines had been advisory when Williams was originally sentenced, it would have imposed the same sentence.  See id.

## II. DISCUSSION

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).  We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  See id.  "[T]he decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court."  United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992).

4

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. See id. at 781.

If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court must consider the § 3553(a) factors, as well as public safety considerations, under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. See United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam). The district court "may consider the defendant's post-sentencing conduct . . . in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." Id.

5

(emphasis added). "While the district court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." Id. at 1257.

In regard to the second part of this analysis, the district court need not specifically articulate the applicability of each § 3553(a) factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quotation marks and citation omitted). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

As an initial matter, the district court did not abuse its discretion in failing to hold a hearing on Williams's motion. Nothing in § 3582(c) requires a district

6

court to hold an evidentiary hearing, and there were no new factual determinations to be made. See 18 U.S.C. § 3582(c)(2); United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (noting that "the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively") (emphasis omitted).

In this case, Amendment 706 reduced Williams's guideline range from 360 months of imprisonment to life imprisonment to a range of 292 to 365 months of imprisonment. Nevertheless, the district court did not abuse its discretion in denying the motion to reduce Williams's 360-month sentence. First, the district court explicitly followed the steps in Bravo by recalculating Williams's base level and amended guideline range under Amendment 706. Second, the court specifically considered the § 3553(a) factors in deciding to retain the original sentence. In its order, the court cited the serious nature of the offense, Williams's characteristics, and the need to avoid unwarranted sentence disparities as reasons for retaining the original sentence. The district court also considered the public safety factors, finding that an earlier release date was not warranted based on Williams's violent nature. The district court's findings were supported by Williams's prior convictions for attempted murder, unlawful possession of a firearm, and aggravated assault.

7

The court was permitted to consider Williams's post-sentencing conduct in determining whether to apply a sentence reduction, but despite Williams's contentions, it was not required to consider such conduct. See U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)) (stating that the court "may consider post-sentencing conduct of the defendant"). Furthermore, the district court was not required to consider Booker or Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), in the § 3582(c)(2) proceeding. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009) (observing that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings). Thus, the district court did not abuse its discretion in denying Williams's motion for a sentence reduction.

### III. CONCLUSION

Williams appeals the district court's denial of his § 3582(c)(2) motion and argues that the district court abused its discretion in both denying the motion and refusing to hold a hearing on it. We conclude that Williams's contentions are without merit and AFFIRM.

**AFFIRMED.**